IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WITCHITA FALLS DIVISION

| | | |
|---|---|---|
| VICKIE ESPOSITO | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 7:23-cv-00049-O |
| | § | |
| CLEANAIRE, INC., *et al*; | § | |
| | § | |
| *Defendants.* | § | |

**JOINT STATUS REPORT AND REPORT FOR CONTENTS OF SCHEDULING ORDER**

Pursuant to the Court's *Order Requiring Scheduling Conference and Report for Contents of Scheduling Order* dated August 23, 2023 (Doc. 4), Plaintiff Vickie Esposito ("Plaintiff"), and Defendant CleanAire, Inc. d/b/a Pamlico Air, Inc. ("Defendant") jointly submit the following Joint Status Report and Report for Contents of Scheduling Order.

**1.    Nature of the Case and Contentions of the Parties.**

   **a.    Nature of the Case.**

This is a premises liability and negligence case. Defendant is the manufacturer of air filtration systems. Defendant has a facility located at 2801 Production Boulevard, Wichita Falls, Texas 76302 (the "Premises"). Defendant is the possessor of the Premises.

On April 29, 2021, Plaintiff claims she was an invitee at the Premises. Plaintiff claims she was at the Premises to pick up air filters and load them onto her truck for delivery to a third-party. Plaintiff alleges that when she was walking in the Premises she fell in the warehouse located on the Premises by tripping over a clear plastic coating that jutted out from a pallet. Plaintiff claims the fall caused her to fracture and dislocate her left shoulder.

**b.     Plaintiff's Claims/Contentions.**

Defendant is liable to Plaintiff, as an invitee, pursuant to a claim for premises liability. Plaintiff was an invitee because she entered the Premises with Defendant's knowledge and for their mutual benefit. A condition on the Premises posed an unreasonable risk of harm. More specifically, Defendant either knew, or in the exercise of ordinary care should have known, that the Premises had loose clear wrapping jutting from pallets that was unsafe such that it could cause unsuspecting invitees to trip, fall, and injure themselves. Defendant allowed the loose clear wrapping jutting from pallets to remain and failed to remove it leaving the area in an unreasonably dangerous manner. Defendant either knew, or should have known, that this would pose an unreasonable risk to Plaintiff.

Defendant owed a duty to exercise reasonable care, including the duty to discover any unreasonably dangerous conditions existing on the Premises and the duty to warn Plaintiff of the existence of such a dangerous condition. Defendant failed to take reasonable steps to warn Plaintiff there was loose clear wrapping jutting from pallets on the Premises that caused a risk to her. Defendant failed to place warning signs to prevent invitees from injuring themselves on the Premises.

Alternatively, even if Plaintiff were aware of the unreasonably dangerous condition, Defendant had a duty to make the Premises safe because (1) it was necessary for Plaintiff to use the unreasonably dangerous premises and (b) Defendant should have anticipated that Plaintiff was unable to avoid the unreasonable risks.

Additionally, Defendant failed to act as a reasonably prudent business owner by failing to properly train and/or supervise its employees to ensure they would safely maintain the

warehouse on the Premises. As a result of the employees' conduct, Plaintiff sustained injuries that resulted in her incurring significant medical expenses and other damages. At the time of the incident, the agents, servants and employees of Defendant were acting within the course and scope of their employment; thus Defendant is vicariously liable for their actions.

All of the above acts, wrongs and/or omissions, as well as various other acts, wrongs, and/or omissions on the part of Defendant amounted to negligence and was the proximate cause(s) of the resulting damages sustained by Plaintiff. As a result of the occurrence at issue, Plaintiff suffered significant and permanent injuries. Plaintiff incurred substantial medical expenses as a result of her injuries. Plaintiff's injuries include extreme physical pain and suffering, and tremendous mental and emotional anguish, and disfigurement, all of which will continue well into the future, if not for the remainder of her life.

c. **Defendants' Contentions**.

Defendant denies the allegations set forth above by Plaintiff and specifically denies that a condition on the Premises posed an unreasonable risk of harm to anyone, including Plaintiff. Defendant further specifically contends that it did not know, and in the exercise of ordinary care could not have known, that the Premises had loose clear wrapping jutting from pallets that was unsafe such that it could cause unsuspecting invitees to trip, fall, and injure themselves. Defendant contends that it did not allow the loose clear wrapping jutting from pallets to remain, did not fail to remove it and did not leave the area in an unreasonably dangerous manner. Defendant contends that it did not know, and could not have known, that the alleged loose clear wrapping jutting from pallets would pose an unreasonable risk to anyone, including Plaintiff. Defendant contends that it was not aware of any dangerous

condition and had no duty to warn Plaintiff of the existence of such a dangerous condition or to take reasonable steps to warn Plaintiff of any dangerous condition. Defendant contends that Plaintiff should have been able to avoid the alleged clear wrapping jutting from pallets without issue and could not have anticipated that Plaintiff was unable to avoid the alleged clear wrapping jutting from pallets. Defendant contends that it properly trains and/or supervises its employees to ensure they safely maintain the warehouse on the Premises.

Defendant contends the negligence of Plaintiff caused or contributed to her injuries so that her claims are barred or, in the alternative, must be reduced in accordance with the relative degree of her own negligence. Defendant contends that Plaintiff is barred from recovery against Defendant to the extent that any of her alleged damages resulted from new and independent, unforeseeable, superseding, and intervening causes unrelated to any conduct of Defendant. Defendant contends that Plaintiff's alleged damages were not proximately caused by any act or omission of Defendant, but by the acts and/or omissions of a third party over whom Defendant had no control. Defendant contends it is not liable to the extent that the condition complained of in Plaintiff's live petition was open and obvious. Defendant contends that its actions or inactions did not cause Plaintiff's injuries and that Plaintiff is not entitled to any damages in this matter. Defendant contends it is not liable for any of Plaintiff's injuries which are the result of pre-existing or subsequently occurring bodily conditions.

**2.     A proposed time limit to file motions for leave to join other parties;**

October 1, 2023

**3.  A proposed time limit to amend the pleadings;**

February 1, 2024

**4.  A proposed time limit to file various types of motions, including dispositive motions (should be at least 120 days before trial);**

June 17, 2024

**5.  A proposed time limit for initial expert designations;**

March 1, 2024

**6.  A proposed time limit for responsive expert designations;**

April 8, 2024

**7.  A Proposed Time Limit for Objections to Expert Designations;**

May 31, 2024

**8.  A proposed plan and schedule for discovery, including (1) a statement of the subjects on which discovery may be needed; (2) a time limit to complete factual discovery and expert discovery; (3) and a statement of whether discovery should be conducted in phases or limited to or focused on particular issues;**

(1)  The parties agree discovery will be needed on (a) the extent of Plaintiff's injuries, (b) whether she had any preexisting injuries, (c) Plaintiff's damages, (d) Defendant's policies and procedures regarding pallets in the warehouse, (e) Defendant's policies and procedures regarding walkways through the warehouse, (f) Defendant's policies and procedures on training employees on safeguarding invitees from injuries on the premises, (g) prior incidents involving tripping/falling over pallets and/or loose plastic or pallet covering on the floor of the premises, (h) identity of any fact witnesses, (i) disclosure of expert witnesses, (j) discovery of the parties contentions, claims, and defenses.

(2)  June 3, 2024

(3)  Discovery does not need to be conducted in phases or focused on particular issues.

9. **what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;**

   No changes are necessary.

10. **Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI;**

    ESI is not an issue in this case.

11. **Any proposals regarding the handling and protection of privileged or trial preparation material that should be reflected in a Court Order;**

    None at this time.

12. **A proposed trial date, estimated number of days required for trial and whether a jury has been demanded (NOTE: Generally, the proposed trial date should be approximately one year after the date the initial complaint was filed);**

    The parties request a trial date in November 2024. The parties believe the trial will take approximately two days but no more than three days.

13. **A proposed date for further settlement negotiations;**

    The parties agree to a mediation deadline of June 30, 2024.

14. **Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

    None.

15. **Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Cureton or U.S. Magistrate Judge Ray1 (if all parties consent, please submit the attached consent form);**

    The parties do not consent to trial before a U.S. Magistrate.

16. **Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case;**

    The parties agree to a mediation deadline of June 30, 2024. The parties agree to mediate with John Brookman

17. **Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;**

    None.

18. **Whether a conference with the Court is desired; and**

    No.

19. **Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and (c) and 26(c).**

    None.

Respectfully submitted,

*/s/Tanja K. Martini*
TANJA K. MARTINI
Attorney-In-Charge
SBN 24032581
THE MARTINI LAW FIRM, PC
10440 N. Central Expy., Ste. 1240
Dallas, Texas 75231
214.753.4757 – T
888.248.1734 – F
Email: tanja@themartinilawfirm.com

Counsel for Plaintiff Vickie Esposito

*A. Matthew Alagha*
Daniel P. Buechler
*Attorney-in-Charge*
SBN 240047756
A. Matthew Alagha
SBN 24097573
THOMPSON, COE, COUSINS & IRONS, LLP
700 N. Pearl St., 25th Floor
Dallas, TX 75201-2832
214.871.8262 – T
214.871.8209 – F
Email:  dbuechler@thompsoncoe.com
Email:  malagha@thompsoncoe.com

*Counsel for Defendant CleanAire, Inc. d/b/a Pamlico Air, Inc.*

### CERTIFICATE OF SERVICE

On September 6, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Tanja K. Martini
Tanja K. Martini
